**BOURQUIN et al. v. GRANDINETTI et al.**

District Court, N. D. New York.

Dec. 31, 1941.

524

Martin & Rendell, of Utica, N. Y. (Basel H. Brune and Joshua R. H. Potts, both of Philadelphia, Pa., of counsel), for plaintiffs.

Charles Fiandaca, of Rochester, N. Y., for defendants.

BRYANT, District Judge.

This is a suit for declaratory judgment. Defendants counterclaim for decree of infringement and damages for unfair competition.

Both parties, among other things, manufacture and sell a combined fruit and vegetable expresser and container. The case arises because of the issue to D. A. Grandinetti, on April 20, 1937, of a design patent, being patent numbered 104,138.

Plaintiffs claim that the patent is invalid. They further contend that subsequent to issue, and also prior thereto, defendants published widely among the trade that plaintiffs' product was an infringement of the Grandinetti patent, and that the circulation of this alleged fact around the trade and to suppliers of parts for manufacture of plaintiffs' machines seriously injured their business. They admit that, if the patent is valid and is accorded the scope of the patent, then the device, which they manufacture and sell, is an infringement. They ask for judgment declaring the patent invalid, injunction against circulating of threats, and for an accounting for damages caused by defendants' acts of alleged unlawful and unfair trade competition.

Defendants, Dominick Grandinetti the inventor, and Angeline Grandinetti, Dominick Grandinetti, Edward M. Grandinetti and Louis Grandinetti, copartners, doing business as D. Grandinetti Manufacturing Company, the exclusive licensees under the patent, by counterclaims set forth an alleged cause of action for infringement and also one for unfair competition. Defendants claim loss of sales through the public's confusion caused by resemblance of designs.

A motion for preliminary injunction was made and granted by another Judge of the District. The restraining order affects all parties. We are not concerned with its nature or scope.

We are here dealing with a design patent. The article in question is a combined fruit and vegetable expresser and strainer. It occupies a well-filled field. The patent does not involve mechanical or functional changes or improvements. While the article covered by the design patent differs slightly in a mechanical way from the prior art, these deviations are not stressed. Loosely speaking, the article may be described by comparing it to the usual food grinder found in nearly every household. It consists of a cast frame which can be fastened to a kitchen table. The frame supports a hopper or bowl, in which the vegetables or fruits are poured. In some designs the bowl is a part of the casting, thereby making the frame and hopper one piece. In other designs the hopper or bowl is made of a different metal and fastened to the frame. Just below the bowl is an encased worm which, when cranked, grinds the fruit or vegetable into pulp. The worm extends outward from the casing, and at right angles thereto, about five inches. The extended worm is encased in a tapered cylindrical screen with an opening in the end. Hanging to, and extending beneath, the screen is a tapered pan or trough. When operated the worm discharges the skins, seeds and pulp through the end of the screen while the juice trickles through the screen holes into the trough and then runs into a container.

The main difference—the one disputed difference—between the Grandinetti device and the prior art is in design and appearance. In passing upon the validity of the

patent in suit, it is not necessary to consider more than two or three disclosures found in the prior art.

One, the Vitantonio machine, has an iron bowl, casing and frame made by one casting. From the upper side of the casing, the casting extends upwards and outwards for about three inches and then continues for about another three inches in nearly cylindrical shape, bending outward very slightly. This part of the casting is hollow and forms a hopper or bowl of about five inches in diameter. The whole casting has a galvanized appearance.

Another machine, an Italian import, consists of an iron casing and frame made of one casting and a tin hopper or bowl. The bowl screws into the top of the casing. Starting from the casing, it extends upward and outward in conical shape for two or three inches and from there about three inches in cylindrical shape. A very noticeable seam, or ridge, extends around the bowl at the juncture of the two top parts. There is also a soldered seam down the side of the bowl. The size of the frame casing and bowl are practically the same as the sizes in the Vitantonio machine.

■ The design in question, modernistically speaking, is a streamlining of the prior art. The Grandinetti machine has some refinements and improvements in its frame, casing and screen not found in the described machines. However, they are not refinements nor improvements that will support a design patent. Spot welding is a refinement, but a negligible one when considering originality. Grandinetti's contribution consisted of taking the frame and casing of prior machines, with slight improvements and refinements, and mounting thereon an aluminum ·spun bowl of substantially the shape and size of the Vitantonio bowl. His main contribution, if any, was in the use of aluminum in place of tin or a heavier metal. Considering the general use and application of spun aluminum, it is hard to believe that it took any substantial originality or inventive genius to substitute an aluminum spun bowl for the tin bowl of the Italian expresser. However, the change did make an article of more pleasing design and of greater sales appeal. It is a design more attractive to the eye than any of its forebears. In addition to the "streamlined" appearance, it shows lightness when compared with the Vitantonio extractor and durability and strength when compared with the Italian design. Substantial increases in sales show the public's approval of the change. I believe the patent in suit should stand. However, considering "the variants which this art disclosed" and the slight originality needed to change from a tin to an aluminum bowl, it is apparent that the patent must be closely limited to the exact disclosure.

The patent in suit is a design for Grandinetti's extractors Y-1 and Z-1 in evidence, one or both. These extractors are practically of the size of the ones mentioned above. Plaintiffs manufactured a few of a comparative size (Ex.L). They discontinued the manufacture of this type prior to the issuance of the patent. They then began the manufacture of an extractor of a different appearance. In their design (Ex.A) the frame and casing are slightly enlarged and the bowl (spun aluminum) is about twice the size of the Grandinetti bowl. While the lines of the bowls are similar, there can be no confusion between the two extractors. Plaintiffs claim their design, without any knowledge of the Grandinetti design, was obtained from the prior art. Regardless of this, the change in the size of the bowl not only made a change in appearance, but it also caught the fancy of the buying public. Demand for this model was such that defendants, admittedly, had to adopt their design in order to compete. This they did by using a larger bowl on the same frame and casing. Their best seller is now an expresser similar in appearance to plaintiffs' Ex.A.

■■ Defendants claim that plaintiffs' extractor (made of spun aluminum with a bowl about double the size of the extractor shown in the design patent) is an infringement of the patent in suit. If the prior art allowed wide scope, such might be the fact. Here the art presses so close that the patent must be limited closely to the exact disclosure. Any extractor so designed that it could be taken for Grandinetti's extractor, made in accordance with the patent design, would be an infringement. Plaintiffs' Ex.A cannot so mislead.

■ Upon the record neither side is entitled to a verdict for unfair competition. Grandinetti had a patent. It cannot be said that defendants acted in bad faith in exhibiting same and threatening suit. Undoubtedly their acts did cause annoyance to plaintiffs but the evidence falls short of showing monetary loss. Plaintiffs' statements referred to the larger extractor,

which I have held does not infringe. The evidence does not disclose bad faith.

 I hold that the patent in suit is a valid design for extractors of the type of Grandinetti's Y-1 and Z-1. Defendants are entitled to an injunction against the manufacture of an extractor, the design of which can be confused with types above stated. The patent in suit must be limited strictly to those types. If any such design has been manufactured and sold, defendants are entitled to an accounting. Plaintiffs' design, Ex. A, cannot confuse. I hold it does not infringe. Plaintiffs' and defendants' claims for damages for unfair competition are denied.

This is a case where I believe justice will be furnished through denial of costs to either side.

Findings may be presented on notice.